## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **Miminco, LLC**<br>16 Bonmar Circle<br>Newton, MA 02466,<br><br>**John Dormer Tyson**<br>9248 Three Oaks Drive<br>Silver Spring, MD,<br><br>and<br><br>**Ilunga Jean Mukendi**<br>16 Bonmar Circle<br>Newton, MA 02466,<br><br>        **Petitioners**,<br><br>  **v.**<br><br>**Democratic Republic of the Congo**<br>Minister of Justice<br>Place of Justice<br>Gombe, Kinshasha<br>Democratic Republic of Congo,<br><br>        **Respondent**. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PETITION TO CONFIRM ICSID ARBITRATION AWARD
## PURSUANT TO 22 U.S.C. § 1650a AND ENTER JUDGMENT

Petitioners Miminco, LLC, John Dormer Tyson, and Ilunga Jean Mukendi

("Petitioners"), by and through their attorneys, Hunton & Williams LLP, petition this Court to

confirm an arbitration award entered against Respondent, Democratic Republic of the Congo

("DRC"), in accordance with the Convention on the Settlement of Investment Disputes between

States and Nationals of Other States (the "ICSID Convention").

1

**INTRODUCTION**

1.      Petitioners bring this action pursuant to 22 U.S.C. § 1650a and Article 54 of the ICSID Convention to confirm a November 19, 2007 arbitration award (the "Consent Award") entered against the DRC by an arbitral tribunal convened and constituted under the ICSID Convention.  The DRC, which negotiated and agreed to the terms embodied in the Consent Award, has failed, after one initial payment, to satisfy more than $11.5 million of the $13 million awarded Petitioners.

**JURISDICTION AND VENUE**

2.      The United States is a contracting party to the ICSID Convention.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1330(a), which grants Federal District Courts "original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state . . . as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity either under sections 1605-1607 of this title or under any applicable international agreement."

3.      Under the arbitration exception contained in 28 U.S.C. § 1605(a)(6), the DRC does not have sovereign immunity.  Nor is the DRC entitled to immunity in this action under any applicable international agreement.

4.      This Court also has jurisdiction pursuant to 22 U.S.C. § 1650a(b) because this is an action to confirm an award entered pursuant to the ICSID Convention.

5.      Venue in this District is proper pursuant to 28 U.S.C. § 1391(f)(4) because this is an action against a foreign state.

## THE PARTIES

6.      Petitioner Miminco, LLC is a Delaware corporation.  It was a claimant in the underlying ICSID arbitration.

7.      Petitioner John Dormer Tyson is a former Managing Director of Miminco and one of the company's two shareholders.  He is a United States citizen and a resident of Silver Spring, Maryland.  Mr. Tyson was a claimant in the underlying ICSID arbitration.

8.      Petitioner Ilunga Jean Mukendi is Chairman and President of Miminco and one of the company's two shareholders.  He is an American citizen and a resident of Newton, Massachusetts.  Dr. Mukendi was a claimant in the underlying ICSID arbitration.

9.      Respondent Democratic Republic of the Congo is a foreign state pursuant to 28 U.S.C. § 1603(a).  It is a Contracting State of the ICSID Convention and a party to a bilateral investment treatment with the United States, the Treaty Between the Government of the United States of America and the Government of the People's Republic of the Congo Republic Concerning the Reciprocal Encouragement and Protection of Investment (the "BIT"), which entered into force on July 28, 1989.  The DRC was the respondent in the underlying ICSID arbitration.

## THE ARBITRATION PROCEEDINGS

10.      Miminco, LLC holds 51% of the capital of Miminco SPRL, the owner of two diamond mining concessions in the territory of Tshikapa, Province of Western Kasia in the Democratic Republic of the Congo ("DRC").  A civil war broke out in the DRC in October 1996. During the civil war, Petitioners' concessions were invaded, looted, attacked, and illegally exploited by Congolese civil and military officials on numerous occasions, in violation of the BIT.

11.     To vindicate its rights under the BIT, Petitioners submitted a request for arbitration against the DRC to the International Centre for Settlement of Investment Disputes ("ICSID") on September 12, 2002, under Article VII of the BIT.  ICSID registered the request on June 9, 2003 and notified the parties of the registration of the request that same day.

12.     Pursuant to ICSID rules and the BIT, a three-member arbitral panel (the "Tribunal") was constituted on September 17, 2004 to hear the dispute.  The Tribunal consisted of a Canadian citizen, a French citizen, and an Egyptian citizen.  Consistent with ICSID Rules, none of the arbitrators were citizens of the United States or the DRC.  The seat of the arbitration was Paris, France.

13.     In a letter dated November 11, 2004, the DRC, through counsel, informed the Tribunal it would not challenge the Tribunal's jurisdiction to hear the dispute.

14.     In April 2004, the parties informed the Tribunal by separate letters that they wished to schedule a preliminary conference with members of the Tribunal to clarify their respective positions and reach an amicable settlement.

15.     On April 21, 2005, the parties held a settlement conference in Paris with the President of the Tribunal.  During that conference, the Parties signed a document entitled "Settlement Agreement."  Article 1(a) of the Settlement Agreement stated:

> The DRC agrees to pay the Investor the sum of USD 15,000,000 as compensation for all of the losses sustained by it due to the acts committed by the Congolese civil and military authorities.

16.     The Settlement Agreement stated that it would be effective upon its formal approval by the Congolese government.

17.     After further negotiations, the parties agreed to reduce the amount of the settlement to $13 million in U.S. currency through an amendment to the Settlement Agreement

(the "Amendment") dated November 23, 2005.  The DRC then confirmed its formal approval of the Settlement Agreement and Amendment.

18.    Article 43(2) of the ICSID Rules provides that "the parties may file with the Secretary-General the full and signed text of their settlement and in writing request the Tribunal to embody such settlement in an award, [and] the Tribunal may record the settlement in the form of its award."

19.    Pursuant to Article 43(2), the parties requested that the terms of the settlement be incorporated into the Consent Award.

20.    In accordance with ICSID Rules and the parties' request, the Settlement Agreement and Amendment were incorporated into a Consent Award, and were deemed "to form an integral part thereof."  The Consent Award was signed by all three members of the arbitral panel and dated November 17, 2007.  It was dispatched to the parties November 19, 2007.  True and accurate French and English copies of the Consent Award in *Miminco LLC v. Democratic Republic of the Congo*, ICSID Case No. ARB/03/14, are attached as Exhibit 1 to the accompanying Declaration of Dr. Ilunga Jean Mukeni.  They have been duly authenticated in accordance with ICSID procedures through the certification of ICSID's Secretary General.

### ENFORCEMENT OF THE CONSENT AWARD

21.    In June 2009, Petitioners requested that the DRC comply with the Consent Award by paying the full amount due.  Petitioners advised that if the DRC did not comply, Petitioners would seek to enforce the Consent Award and undertake collection activities.

22.    In a letter dated October 6, 2009, the DRC agreed to pay a first installment on the Consent Award of $1.3 million.  A transfer of $1.3 million was subsequently made to Miminco on November 11, 2009, and credited to Miminco's account on November 13, 2009.  True and

accurate French and English copies of the October 6, 2009 letter are attached as Exhibit 2 to Dr. Mukendi's Declaration.

23.     Although the Award does not expressly mention interest, the parties had an expectation that interest would accrue on the unpaid Award amount.  On several occasions, when the parties negotiated payment of the Award, DRC records reflect the Government's expectation to pay 8%.  This is reflected in documents that the DRC gave to Miminco.  True and accurate French and English translations of these documents are attached to Dr. Mukendi's Declaration as Exhibit 3 (table dated November 11, 2009), Exhibit 4 (letter dated March 25, 2010), and Exhibit 5 (document dated October 25, 2011).

24.     After the $1.3 million payment in 2009, no further payments on the Award were made, so Petitioners initiated collection efforts.  On February 26, 2012, a French court recognized the Consent Award.  The DRC did not contest the recognition proceedings.

25.     On March 13, 2013, a Belgian court recognized the Consent Award.  The DRC did not contest the recognition proceedings.

26.     On March 19, 2013, the South Gauteng High Court in Johannesburg, South Africa recognized the Consent Award.  The DRC did not contest the recognition proceedings.

27.     Through their collection efforts, Petitioners garnished 167,316.15 South African Rands on September 30, 2013.  Petitioners' bank promptly moved to obtain exchange control authority, and converted the amount to $114,531.74 on November 12, 2013.

28.     The DRC still owes Petitioners $11,585,468.26, plus interest that has accrued on the Consent Award.

## THE ICSID CONVENTION & ENFORCEMENT FRAMEWORK

29.     The ICSID Convention is intended to foster a favorable investment climate between member countries by providing a forum for "conciliation and arbitration of investment disputes between Contacting States and nationals of other Contracting States."  ICSID Convention, Art. 1.

30.     Through the ICSID Convention and adoption of the BIT, the DRC consented to submit investment disputes with nationals and companies of the United States to ICSID arbitration.

31.     An ICSID award is "binding on the parties and shall not be subject to any appeal or to any other remedy except those provided for in this Convention."  ICSID Convention, Art. 53(1).  Furthermore, "[e]ach party shall abide by and comply with the terms of the award except to the extent that enforcement shall have been stayed pursuant to the relevant provisions of this Convention."  *Id*.  Enforcement of the Consent Award has not been stayed.

32.     Article 54(1) provides that "[e]ach Contracting State shall recognize an award rendered pursuant to this Convention as binding and enforce the pecuniary obligations imposed by that award within its territories as if it were a final judgment of a court in that State."  Additionally, "[a] Contracting State with a federal constitution may enforce such an award in or through its federal courts and may provide that such courts shall treat the award as if it were a final judgment of the courts of a constituent state."  Article 54.

33.     Article 55 of the ICSID Convention provides, in part, that "[a] party seeking recognition or enforcement in the territories of a Contracting State shall furnish to a competent court or other authority which such State shall have designated for this purpose a copy of the award certified by the Secretary-General [of ICSID]."

34.     Congress has made ICSID awards enforceable in the United States by enacting 22 U.S.C. § 1650a.  Pursuant to that statute, an ICSID Award "shall create a right arising under a treaty of the United States.  The pecuniary obligations imposed by such an award shall be enforced and shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States."

35.     The DRC does not have any defenses to block this Court from recognizing and entering judgment on the final and binding Consent Award.

## COUNT I

### Action to Confirm ICSID Award and Enter Judgment

36.     Petitioners repeats the allegations contained in paragraphs 1 through 39 as though fully set forth herein.

37.     The United States and the Democratic Republic of the Congo are signatories to the ICSID Convention and the BIT.

38.     Petitioners and the DRC agreed, in writing, to submit their investment dispute under the ICSID Convention, to be resolved by the ICSID Tribunal.

39.     The DRC did not challenge the Tribunal's jurisdiction.  It fully participated in the arbitration proceedings, and both negotiated and agreed to the terms embodied within the Consent Award.

40.     The ICSID Tribunal issued an authentic, final, and binding Consent Award in the DRC's favor, which has been duly certified by ICSID's Secretary General.

41.     Article 54 of the ICSID Convention and 22 U.S.C. § 1650a require the United States to enforce a final and authentic ICSID award.

42.     The DRC has paid only $1.3 million of the $13 million awarded to Petitioners, and Petitioners have, through their collection efforts, recovered an additional $114,531.74.  Thus, the DRC has still not satisfied $11,585,468.26 of the Consent Award.

43.     For purposes of the confirmation of this Award and an entry of judgment, the DRC is not immune from the jurisdiction of U.S. courts because of the arbitration exception contained in the Foreign Sovereign Immunities Act.  28 U.S.C. § 1605(a)(6).

44.     Petitioners are entitled to an order confirming the Award as a final judgment rendered in this Court, and entering judgment thereon in the amount of $11,585,468.26, plus interest that has accrued on the Consent Award.

## Prayer for Relief

WHEREFORE, Petitioner respectfully requests that this Court enter judgment against Respondent the Democratic Republic of Congo as follows:

(a)     Confirming and recognizing the ICSID Award in favor of Petitioners against the DRC as if it were a final judgment rendered in this Court, pursuant to Article 54 of the ICSID Convention and 22 U.S.C. § 1650(a);

(b)     Awarding the DRC the sum of $11,585,468.26;

(c)     Awarding Petitioners interest at the rate of 8% compounded annually from November 19, 2007 to the time judgment is issued.  As of October 31, 2014, the DRC owes Petitioners $8,581,879 in interest;

(d)     Awarding Petitioners their reasonable attorneys' fees and costs in this action; and

(e)     Granting such other and further relief as the Court may deem just and proper.

9

Dated this 24th day of November 2014.


                                                MIMINCO, LLC, JOHN DORMER
                                                TYSON, and ILUNGA JEAN MUKENDI

                                                By: /s/ John Jay Range
                                                                    Counsel

John Jay Range (Bar No. 376028)
Thomas C. Goodhue (Bar No. 336571)
jrange@hunton.com
tgoodhue@hunton.com
HUNTON & WILLIAMS LLP
2200 Pennsylvania Avenue, NW
Washington, DC  20037
(202) 955-1500 (Phone)
(202) 778-2201 (Fax)

*Counsel for Petitioners*