# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Miminco, LLC,** *et al.*,  | ) |
|                **Petitioners,** | ) |
|    v. | ) Case No. 14-cv-01987 (RC) |
| **Democratic Republic of the Congo,** | ) |
|                **Respondent**. | ) |

**STATUS REPORT IN RESPONSE TO THIS COURT'S JANUARY 5, 2014 ORDER**

John Jay Range (Bar No. 376028)
Thomas C. Goodhue (Bar No. 336571)
HUNTON & WILLIAMS LLP
2200 Pennsylvania Avenue, NW
Washington, DC  20037
(202) 955-1500 (Phone)

*Counsel for Petitioners*

## I. INTRODUCTION

Petitioners Miminco, LLC, John Dormer Tyson, and Ilunga Jean Mukendi ("Petitioners"), by and through their attorneys, Hunton & Williams LLP, respectfully submit this status report in response to this Court's January 5 Order requesting an update on progress to serve the Respondent Democratic Republic of the Congo ("DRC"). The Petitioners seek recognition of an arbitral award (the "Consent Award") issued pursuant to the Convention on the Settlement of Investment Disputes Between States and Nationals of Other States (the "ICSID Convention") and 22 U.S.C. § 1650a. Relying on the text of the ICSID Convention, its enabling statute, 22 U.S.C. § 1650a, and numerous federal court decisions, Petitioners did not attempt to serve the Respondent. Recognition is merely a preliminary step that must occur before the Petitioners can begin collection efforts elsewhere in the United States. Once the Consent Award is recognized, and Petitioners begin collection efforts in whatever state or states Respondent's assets are located, Petitioners will be required to serve notice on the DRC. But, as set forth below, service of process is not required for the mere recognition of an ICSID award.

## II. LEGAL BASIS FOR *EX PARTE* RECOGNITION

The United States is a signatory of the ICSID Convention. Article 54 of the Convention requires member states to recognize and enforce ICSID awards. It states, in pertinent part:

> (1) Each Contracting State shall recognize an award rendered pursuant to this Convention as binding and enforce the pecuniary obligations imposed by that award within its territories as if it were a final judgment of a court in that State. A Contracting State with a federal constitution may enforce such an award in or through its federal courts and may provide that such courts shall treat the award as if it were a final judgment of the courts of a constituent state.
>
> (2) A party seeking recognition or enforcement in the territories of a Contracting State shall furnish to a competent court or other

> authority which such State shall have designated for this purpose a copy of the award certified by the Secretary-General. . . .
>
> (3) Execution of the award shall be governed by the laws concerning the execution of judgments in force in the State in whose territories such execution is sought.

The enabling statute for Article 54 of the ICSID Convention is 22 U.S.C. § 1650a. *See Siag v. Arab Republic of Egypt*, No. M-82, 2009 WL 1834562 (S.D.N.Y. June 19, 2009). That statute makes clear that recognition of an ICSID Convention award is not governed by the Federal Arbitration Act. It further provides that an award pursuant to Chapter IV of the ICSID Convention must be given full faith and credit in the United States:

> An award of an arbitral tribunal rendered pursuant to chapter IV of the convention shall create a right arising under a treaty of the United States. The pecuniary obligations imposed by such an award shall be enforced and shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States. The Federal Arbitration Act (9 U.S.C. 1 et seq.) shall not apply to enforcement of awards rendered pursuant to the convention.

Because an ICSID award must be given the "same full faith and credit as if the award were a final judgment" of a court of general jurisdiction in the state in whose territory such execution is sought, ICSID awards should be entitled to the same recognition as state court judgments. Indeed, the majority of courts that have considered the issue have recognized ICSID awards on an *ex parte* basis upon the filing of a certified copy of the award and a request for confirmation. *See, e.g.*, *In the Matter of Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venezuela*, No. 14-CV-8163 (S.D.N.Y. October 10, 2014); *EDF Int'l, S.A.S. v. Argentine Republic*, No. 1:12-mc-00237-P1 (S.D.N.Y. July 16, 2012); *Grenada v. Grynberg*, No. 1:11-mc-00045-P1 (S.D.N.Y. April 29, 2011); *Funnkekotter v. Zimbabwe*, No. 1:09-cv-08168-CM (S.D.N.Y. February 1, 2010); *In the Matter of Siag v. Arab Republic of Egypt*, No. M-82, 2009

3

WL 1834562 (S.D.N.Y. June 19, 2009); *Sempra Energy Int'l v. Argentine Republic*, No. M-82 (S.D.N.Y. Nov. 14, 2007); *Enron Corp. and Ponderosa Assets L.P. v. Argentine Republic*, No. M-82 (S.D.N.Y. Nov. 20, 2007); *Liberian Eastern Timber Corp. v. Republic of Liberia*, 650 F. Supp. 73, 75 (S.D.N.Y. 1986) (copies of these cases are attached hereto as Exhibit A). In none of these cases was service of process required before the judgment was recognized.[1]

Under Article 54 of the ICSID Convention, execution of this Consent Award "shall be governed by the laws concerning the execution of judgments in force in the State in whose territories such execution is sought." Here, execution has been sought in the District of Columbia. In the District of Columbia, a foreign judgment—*i.e.*, the judgment of another state—is recognized on an *ex parte* basis without filing service of process. DC St. §§ 15-352, 13-353. The party seeking recognition of the judgment must file an authenticated copy of the judgment without service of process. Indeed, this is the procedure in the vast majority of jurisdictions across the United States, where recognition of awards occurs on an *ex parte* basis upon the filing of a judgment. *See* Section 3, Uniform Enforcement of Foreign Judgments Act. That procedure largely mirrors ICSID Article 54(2), which requires submission of an authenticated copy of a judgment or award. The Petitioners have filed (1) a copy of the Consent Award certified by the International Centre for Settlement of Investment Disputes; (2) a declaration attesting to the Consent Award and various other relevant documents from the underlying arbitration; (3) a declaration concerning interest on the Consent Award; and (4) a memorandum of law explaining the Consent Award, the relevant provisions of the ICSID

---

[1] This approach is recommended by the New York City Bar Committee on International Commercial Disputes based on existing case law. *See* New York City Bar, Committee on International Commercial Disputes (July 2012), *available at* http://www.google.com/url?sa=t&rct=j&q=&esrc=s&source=web&cd=3&ved=0CCsQFjAC&url=http%3A%2F%2Fwww2.nycbar.org%2Fpdf%2Freport%2Fuploads%2F20072262-ProceduresforAwardsunderICSID.pdf&ei=NydyVKPcCImMsQSFtILYDw&usg=AFQjCNEHIznv_mwYEYBrQP9ZAQ-OKKGPAg&bvm=bv.80185997,d.dGY. This article is attached to this Status Report for the Court's convenience as Exhibit B.

4

Convention, and 22 U.S.C. § 1650a.  They have met the requirements for recognition of the Consent Award.  Requiring service of process would treat ICSID awards differently from state court judgments, rendering the words "full faith and credit" in 22 U.S.C. § 1650a superfluous and imposing conditions and burdens on the recognition of awards in addition to those contained in the ICSID Convention, which is a United States treaty obligation.

Service of process is plainly not required here.  The DRC, like the United States, is a party to the ICSID Convention.  As such, it has already, through its adoption of the ICSID Convention, consented to the Consent Award as a binding pecuniary obligation.  The Respondent further consented to the Consent Award by negotiating and agreeing to pay the amount in the Consent Award, and by paying a small portion of it.  Requiring service of process would serve no purpose, and further, would be contrary to the requirements of the ICSID Convention, the purpose of the implementing statute, the majority practice in the United States for recognizing judgments of sister courts, and the majority of decisions by United States courts that have addressed this issue.

### III.   CONCLUSION

For the reasons set forth above, the Petitioners respectfully submit that service of process is not required for the recognition of an ICSID award.  Petitioners respectfully request that the Court confirm the ICSID Consent Award, enter a final judgment in favor of the Petitioners in the full, unpaid amount of the Consent Award plus pre-judgment interest, provide that post-judgment interest is to accrue at the statutory rate, and award Petitioners reasonable attorneys' fees and costs incurred in this action.

Dated this 20th day of January 2015.
MIMINCO, LLC, JOHN DORMER TYSON, and ILUNGA JEAN MUKENDI

By: /s/                 
      John Jay Range

John Jay Range (Bar No. 376028)
Thomas C. Goodhue (Bar No. 336571)
jrange@hunton.com
tgoodhue@hunton.com
HUNTON & WILLIAMS LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037
(202) 955-1500 (Phone)
(202) 778-2201 (Fax)

*Counsel for Petitioners*