UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| MIMINCO, LLC, *et al.*, | : | | |
| | : | | |
| Petitioners, | : | Civil Action No.: | 14-01987 (RC) |
| | : | | |
| v. | : | Re Document No.: | 1 |
| | : | | |
| DEMOCRATIC REPUBLIC OF THE CONGO, | : | | |
| | : | | |
| Respondent. | : | | |

## MEMORANDUM & ORDER

### GRANTING IN PART AND DENYING IN PART PETITION TO CONFIRM ICSID ARBITRATION AWARD

Miminco, LLC, John Dormer Tyson, and Ilunga Jean Mukendi ("Petitioners") filed a petition in this Court to confirm an arbitral award rendered under the Convention on the Settlement of Investment Disputes Between States and Nationals of Other States ("ICSID Convention"). *See generally* Pet., ECF No. 1. The award obligates the Democratic Republic of the Congo ("Respondent") to pay Petitioners $13 million for the satisfaction of certain claims. *See Miminco LLC v. Dem. Rep. Congo*, ICSID Case No. ARB/03/14 (Nov. 19, 2007) (Ex. 1, ECF No. 1-1). In addition to the unpaid balance of the award, Petitioners seek post- and pre-judgment interest, attorneys' fees, and costs. *See* Pet. 9. After the Court ordered Petitioners to provide an update on their efforts to serve Respondent, Petitioners filed a Status Report contending that service was unnecessary. *See* Status Report, ECF No. 3. For the reasons that follow, the Court confirms the arbitral award and orders post-judgment interest to be paid at the statutory rate. The Court declines, however, to calculate the outstanding balance owed by Respondent or to award pre-judgment interest, attorneys' fees, or costs.

In 1965, the United States acceded to the ICSID Convention. *See generally* ICSID Convention, Mar. 18, 1965, 17 U.S.T. 1270, T.I.A.S. No. 6090. Article 54 of the ICSID Convention sets forth general procedures for recognizing and enforcing arbitral awards rendered under the Convention:

> (1) Each Contracting State shall recognize an award rendered pursuant to this Convention as binding and enforce the pecuniary obligations imposed by that award within its territories as if it were a final judgment of a court in that State. A Contracting State with a federal constitution may enforce such an award in or through its federal courts and may provide that such courts shall treat the award as if it were a final judgment of the courts of a constituent state.
> (2) A party seeking recognition or enforcement in the territories of a Contracting State shall furnish to a competent court or other authority which such State shall have designated for this purpose a copy of the award certified by the Secretary-General. Each Contracting State shall notify the Secretary-General of the designation of the competent court or other authority for this purpose and of any subsequent change in such designation.
> (3) Execution of the award shall be governed by the laws concerning the execution of judgments in force in the State in whose territories such execution is sought.

ICSID Convention, ch. IV, § 6, art. 54. To implement these mandates of the ICSID Convention, Congress passed legislation providing that federal district courts "shall have exclusive jurisdiction over actions and proceedings" to enforce ICSID awards. 22 U.S.C. § 1650a(b); *see also* Convention on the Settlement of Investment Disputes Act of 1966, Pub. L. No. 89-532, § 3, 80 Stat. 344, 344 (1966). The statute also sets forth principles governing such enforcement actions:

> An award of an arbitral tribunal rendered pursuant to chapter IV of the [ICSID] convention shall create a right arising under a treaty of the United States. The pecuniary obligations imposed by such an award shall be enforced and shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States. The Federal

>     Arbitration Act (9 U.S.C. 1 et seq.) shall not apply to enforcement
>     of awards rendered pursuant to the convention.

22 U.S.C. § 1650a(a).

This Court is satisfied that *ex parte* proceedings suffice for recognition of ICSID arbitral awards. Such a procedure is consistent with the statutory mandate that ICSID awards "shall be enforced and shall be given the same full faith and credit" as a state court judgment. *Id.* Moreover, by filing a certified copy of the award, Petitioners have complied with the requirements of Article 54(2) of the ICSID Convention.[1] Lastly, many courts have concluded that the ICSID Convention and 22 U.S.C. § 1650a authorize *ex parte* recognition of ICSID awards. *See, e.g.*, *Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venezuela*, No. 14-CV-8163, Order and Judgment (S.D.N.Y. Oct. 10, 2014) (recognizing ICSID award "as if [it] were a final judgment of this Court" upon *ex parte* petition); *Grenada v. Grynberg*, No. 11-mc-00045, Order and Judgment (S.D.N.Y. Apr. 29, 2011) (same); *Sempra Energy Int'l v. Argentine Republic*, No. M-82, Order and Judgment (S.D.N.Y. Nov. 15, 2007) (same).[2] Accordingly, on this *ex parte* petition, the Court recognizes the ICSID award as though it were its own judgment.[3]

---

[1] Although this award was certified by the ICSID Deputy Secretary-General, not "the Secretary-General," as required by Article 54(2), the Court finds that the certification complies with the Convention because the Deputy Secretary-General acted as an agent of the Secretary-General.

[2] Petitioners attached these orders as Exhibit A to their Status Report. *See* Ex. A, ECF No. 3-1; *see also* New York City Bar, Committee on International Commercial Disputes, Recommended Procedures for Recognition and Enforcement of International Arbitration Awards Rendered Under the ICSID Convention 26–27 (July 2012), *available at* http://www2.nycbar.org/pdf/report/uploads/20072262-ProceduresforAwardsunderICSID.pdf ("New York City Bar Report," Ex. B, ECF No. 3-2) (recommending *ex parte* recognition of ICSID awards).

[3] Petitioners advocate a different (and more complex) procedure: They ask this Court to apply the District of Columbia's Uniform Enforcement of Foreign Judgments Act ("D.C. UEFJA"), D.C. Code § 15–353, which enables the District of Columbia Superior Court to recognize foreign judgments upon the filing of an affidavit attesting to the names and last known addresses of the parties. *See* Status Report 4. Petitioners look to Article 54(3) of ICSID, which provides that

The Court, however, declines to calculate the precise balance of the award owed by Respondent. Petitioners allege that the unpaid balance of the award amounts to $11,585,468.25. *See* Pet. ¶ 28. But the amounts that Respondent has already paid in furtherance of its obligations might be disputed as a factual matter, and in any event, Petitioners seek only *recognition* of the award. *See* Pet. 1 ("Petition to Confirm ICSID Arbitration Award . . . and Enter Judgment"); Status Report 2 ("[S]ervice of process is not required for *the mere recognition* of an ICSID award." (emphasis added)). Accordingly, the Court defers the calculation of the actual outstanding balance to a future enforcement proceeding. *See* Status Report 2 ("Once the Consent Award is recognized, and Petitioners begin collection efforts in whatever state or states Respondent's assets are located, Petitioners will be required to serve notice on the DRC.").

---

"[e]xecution of the award shall be governed by the laws concerning the execution of judgments in force in the State in whose territories such execution is sought," ICSID Convention, ch. IV, § 6, art. 54(3), and contend that here, the relevant "State" is the District of Columbia. *See* Status Report 4. As a preliminary matter, the capitalized "State" in Article 54(3) refers to a "Contracting State"—*i.e.*, the United States, not its constituent states or, here, the District of Columbia. More importantly, Article 54(1) provides that "[a] Contracting State with a federal constitution may enforce such an award in or through its federal courts and may provide that such courts shall treat the award as if it were a final judgment of the courts of a constituent state." ICSID Convention, ch. IV, § 6, art. 54(1). This is the path that Congress chose by enacting 22 U.S.C. § 1650a; the D.C. UEFJA has no place in this scheme.

    As an alternative basis for applying the D.C. UEFJA, Petitioners ask this Court to follow the New York City Bar's recommendation, which in part endorses *Siag*, an opinion of the U.S. District Court for the Southern District of New York applying section 5402 of New York's Civil Practice Law and Rules ("CPLR")—that state's counterpart to the D.C. UEFJA. *See Siag v. Arab Republic of Egypt*, No. M-82, 2009 WL 1834562, at *2 (S.D.N.Y. June 19, 2009); Status Report 4 n.1 (citing New York City Bar Report). But in applying the CPLR, *Siag* misread the Second Circuit's *Keeton* decision. In *Keeton*, the CPLR governed the analysis because the plaintiff originally sued under the CPLR in New York *state* court to enforce an out-of-state federal district court judgment, before the diverse defendant removed the case to the New York federal district court. *See Keeton v. Hustler Magazine, Inc.*, 815 F.2d 857, 858 (2d Cir. 1987); *accord Siag*, 2009 WL 1834562, at *2 (citing *Keeton* and concluding that the CPLR is "relevant"). *Keeton* and state-law rules governing recognition of foreign judgments have no place in an ICSID enforcement action commencing in *federal* court. *Cf. Cont'l Cas. Co. v. Argentine Republic*, 893 F. Supp. 2d 747, 753 (E.D. Va. 2012) (concluding that rules allowing state courts to "domesticat[e]" foreign judgments do not govern recognition of ICSID awards, and that federal courts can only enforce, not recognize or confirm, such awards).

Although this Court will not determine the balance of the award still due to Petitioners, because the Court recognizes the award as if it were its own judgment, the Court must order that post-judgment interest be paid on the full award amount. By statute, post-judgment interest must be imposed on "any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). "A money judgment consists of two elements: '(1) an identification of the parties for and against whom judgment is being entered, and (2) a *definite* and *certain* designation of the amount which plaintiff is owed by defendant.'" *Ministry of Def. & Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Def. Sys., Inc.*, 665 F.3d 1091, 1101 (9th Cir. 2011) (citation omitted) (holding that district court's confirmation of monetary arbitral award "without modification" was a "money judgment" subject to mandatory post-judgment interest). For purposes of the present action, the parties are clearly identified, and the amount owed to Petitioners is "definite and certain"—the $13 million specified on the face of the arbitral award confirmed by this Court. *Id.* Accordingly, post-judgment interest shall accrue on this sum.[4]

The Court, however, denies Petitioners' request for pre-judgment interest. In contrast to mandatory post-judgment interest, whether to award pre-judgment interest is generally a matter of discretion. *See Cont'l Transfert Technique Ltd. v. Fed. Gov't of Nigeria*, 932 F. Supp. 2d 153, 163 (D.D.C. 2013). But this Court's discretion to grant pre-judgment interest "must be exercised in a manner consistent with the underlying arbitration award." *Id.* at 164 (quoting *Cubic Def. Sys.*, 665 F.3d at 1103). "A court may not award pre-judgment interest when the arbitration tribunal has determined that such interest is not available." *Cubic Def. Sys.*, 665 F.3d at 1103. By contrast, where an award is "silent" as to pre-judgment interest, the district court retains

---

[4] Of course, in subsequent enforcement proceedings, Respondent can seek to offset both the principal and interest awarded by this Court by proving the amounts it has already paid to Petitioners.

discretion to consider the availability of such interest "under the circumstances of [the particular] case." *Id.*

Here, as Petitioners concede, the Award "does not expressly mention interest." Pet. ¶ 23; *see also Miminco LLC*, ICSID Case No. ARB/03/14, at 8–9. This Court declines to graft new requirements onto the award's plain terms given that a court's confirmation of an ICSID award should entail nothing more than ministerial verification that the award is genuine. *See* ICSID Convention, ch. IV, § 6, art. 54(2). Moreover, courts awarding post-award, pre-judgment interest on ICSID awards have done so when the award itself provided for such interest, unlike the award at issue here. *See, e.g.*, *Duke Energy Int'l Peru Invs. No. 1 Ltd. v. Republic of Peru*, 904 F. Supp. 2d 131, 133 (D.D.C. 2012) (awarding judgment for interest, where "plain language" of award provided for interest); *Mobil Cerro Negro*, No. 14-CV-8163, Order and Judgment (awarding interest "provided in the Final Award"); *Grynberg*, No. 11-mc-00045, Order and Judgment (same); *Sempra Energy Int'l*, No. M-82, Order and Judgment (same).[5] Although Petitioners assert that "the parties had an expectation that interest would accrue," Pet. ¶ 23, they cite no cases in which a court recognizing an ICSID award has relied on "expectations" not memorialized in the award. Lastly, the *ex parte* nature of these proceedings makes the Court

---

[5] One court specifically excluded post-award, pre-judgment interest; it awarded only post-judgment interest and the pre-award interest expressly provided in the award. *See Enron Corp. v. Argentine Republic*, No. M-82, Order and Judgment (S.D.N.Y. Nov. 21, 2007). Moreover, courts applying the "full faith and credit" principle in other contexts have awarded pre-judgment interest where the underlying judgment contemplated such interest. *See, e.g.*, *Ingersoll Milling Mach. Co. v. Granger*, 833 F.2d 680, 691 (7th Cir. 1987) (holding that Illinois court would recognize pre-judgment interest on Belgian judgment that explicitly "includes prejudgment interest").

especially reluctant to exercise its discretion and award pre-judgment interest not included in the arbitral award.[6]

Nor does the Court award attorneys' fees or costs. Petitioners rely on a case in which this Court, after confirming an arbitral award, awarded attorneys' fees and costs as an inherent power sanction upon finding that the respondent state's "inaction is inherently unjustified and in bad faith." *Concesionaria Dominicana de Autopistas y Carreteras, S.A. v. Dominican State*, 926 F. Supp. 2d 1, 3 (D.D.C. 2013). In that case, the Court explained that the respondent state "obstinately refused to participate" in the litigation, even after the petitioner went "above and beyond its obligations by serving the [respondent] with almost all of the relevant filings in this case." *Id.*

Here, Petitioners have alleged only that, after seven years, Respondent has yet to pay a substantial portion of the $13 million award. *See* Mem. Supp. Pet. 9. But there is no basis—let alone the requisite "clear and convincing evidence"—for concluding that Respondent has acted in bad faith *in this litigation*; Respondent is not even a party to these proceedings. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991) (explaining that court may draw on "inherent power *to police itself*" and award attorneys' fees sanction if "fraud has been practiced *upon it*" or a party "shows bad faith by delaying or *disrupting the litigation*" (emphasis added)); *Shepherd v. Am. Broad. Cos., Inc.*, 62 F.3d 1469, 1477 (D.C. Cir. 1995) (explaining that proof by "clear and convincing evidence" of misconduct in litigation is prerequisite for imposing punitive inherent

---

[6] Because the Court declines to award pre-judgment interest, it need not consider what pre-judgment interest rate to apply. *See* Mem. Supp. Pet. 7–8.

power sanctions such as fee awards). Accordingly, this Court declines to award fees and costs as an inherent power sanction.[7]

For the foregoing reasons, the petition to confirm the ICSID arbitration award (ECF No. 1) is **GRANTED IN PART** and **DENIED IN PART**. It is hereby:

**ORDERED** that the pecuniary obligations in the award in favor of Petitioners and against Respondent, *Miminco LLC v. Dem. Rep. Congo*, ICSID Case No. ARB/03/14 (Nov. 19, 2007) (Ex. 1, ECF No. 1-1), be recognized and entered as a judgment by the Clerk of this Court in the same manner and with the same force and effect as if the award were a final judgment of this Court as authorized by 22 U.S.C. § 1650a and Article 54 of the ICSID Convention; and it is

**FURTHER ORDERED** that Respondent shall pay to Petitioners the sum of THIRTEEN MILLION DOLLARS ($13,000,000), together with post-judgment interest at the statutory rate until payment in full, 28 U.S.C. § 1961(a).

**SO ORDERED**.

Dated:  February 9, 2015                                                                 RUDOLPH CONTRERAS
                                                                                                         United States District Judge

---

[7] Because Petitioners seek fees and costs only as an inherent power sanction, this Court has no occasion to consider other bases for imposing such an award. Additionally, nothing appears to prevent Petitioners from renewing their requests for pre-judgment interest, fees, and costs at subsequent enforcement proceedings.